FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 AUG 31 AM 10: 19
CLERK R. Aus
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA,

vs.

CASE NO.: CR211-015

NIKITA JAMALA JONES

# ORDER

Defendant Nikita Jamala Jones ("Jones") has filed a Motion for Severance pursuant to Federal Rules of Criminal Procedure 8 and 14. The United States of America filed its Response. The undersigned conducted a pretrial hearing on Defendant's Motion on August 23, 2011. This case involves 21 named Defendants who have been charged in a four (4) count Indictment, alleging, in relevant part, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. Jones is named in two (2) counts of the indictment.

**I.     Rule 8(a)**

Jones contends that the two counts of the indictment in which she is charged are unrelated and improperly joined. According to Rule 8(a) of the Federal Rules of Criminal Procedure, "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or

constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a). "Rule 8 is broadly construed in favor of the initial joinder." United States v. Dowd, 451 F.3d 1244, 1249 (11th Cir. 2006) (citation omitted). However, even where joinder is appropriate under Rule 8(a), "Rule 14 [of the Federal Rules of Criminal Procedure] permits relief from prejudicial joinder, including severance of counts, 'if the joinder of offenses in an indictment appears to prejudice a defendant.'" United States v. Williams, 177 F. App'x 914, 924 (11th Cir. 2006) (quoting United States v. Walser, 3 F.3d 380, 385 (11th Cir. 1993)). Any prejudice which might occur due to a trial court's "refusal to bifurcate the trial" can be mitigated by several things, including giving the jury proper instructions. United States v. Bennett, 368 F.3d 1343, 1351 (11th Cir. 2004), *judgment vacated on other grounds by* 543 U.S. 1110 (2005).

Jones has failed to show what prejudice she would suffer by having two (2) counts of the indictment prosecuted in one trial. At this stage, Jones has failed to satisfy her burden of showing compelling prejudice which would result by having all of the charges against her prosecuted in a single trial. Should it become evident during the course of the trial that Jones has suffered prejudice as a result of having a single trial, the Court will provide the jury with curative instructions. Jones' Motion to Sever Counts is **DENIED**.

II. **Rules 8(b) and 14**

Jones alleges that a review of the discovery materials in this case reveals that her co-Defendants' defenses will conflict with her own and will confuse the jury. Jones also alleges that, if she is subjected to a trial with her co-Defendants, she will be prejudiced.

Generally, "defendants who are indicted together are . . . tried together." United States v. Browne, 505 F.3d 1229, 1268 (11th Cir. 2007) (citing Zafiro v. United States, 506 U.S. 534, 537-38 (1993)). "[T]he law favors joint trials of defendants charged with a common conspiracy since the nature and scope of the confederation is often prohibitively large and the evidence against the individual defendants cumulative." United States v. Dorsey, 819 F.2d 1055, 1058 (11th Cir. 1987). Therefore, because a conspiracy is charged in the indictment, the law favors a joint trial in the case *sub judice*.

Federal Rule of Criminal Procedure 8(b) provides for joinder of multiple defendants where the indictment charges the defendants with participation in a single conspiracy and further charges some but not all of the defendants with substantive counts arising out of the conspiracy. United States v. Simon, 839 F.2d 1461, 1472 (11th Cir. 1988); United States v. Meester, 762 F.2d 867, 883 (11th Cir. 1985). "Even if joinder under Rule 8(b) is proper, however, severance may be granted in the discretion of the trial court pursuant to [Federal Rule of Criminal Procedure] 14 if the court determines that prejudice will result from the joinder." Id. Severance should be granted only if there is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence of each defendant. See Zafiro, 506 U.S. at 539; United States v. Talley, 108 F.3d 277, 280 (11th Cir. 1997). Severance is not required as a matter of law even when co-defendants present "mutually exclusive" or "mutually antagonistic" defenses. Zafiro, 506 U.S. at 539; Talley, 108 F.3d at 280. Rather, Rule 14 requires that the district court balance the rights of the defendants to a fair trial, absent the prejudice inherent in a joint trial, against the public's interest in efficient and economic

AO 72A
(Rev. 8/82)

administration of justice. Hernandez, 921 F.2d at 1578 (citing Dorsey, 819 F.2d at 1058).

The Court recognizes that some measure of prejudice may be present in the joint trial of co-defendants. "Inherent in every joint trial is some degree of prejudice and bias, but 'only in the event such prejudice appears to be compelling [to the conduct of the defendant's defenses] does severance become warranted.'" Roper, 874 F.2d at 789 (internal citation omitted); see also United States v. Harris, 908 F.2d 728, 736 (11th Cir. 1990). Compelling prejudice does not exist simply because much of the evidence at trial is applicable only to a defendant's co-defendant. United States v. Alvarez, 755 F.2d 830, 857 (11th Cir. 1985). The Eleventh Circuit employs the following test to determine whether "compelling prejudice" exists to warrant severance:

> Whether under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the admonitory instructions and accordingly collate and appraise the independent evidence against each defendant solely upon that defendant's acts, statements, and conduct. In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him? If so, though the task be difficult, severance should not be granted.

Roper, 874 F.2d at 789; United States v. Marszalkowski, 669 F.2d 655, 660 (11th Cir. 1982). "The fact that every member of the conspiracy was not present at every stage of the conspiracy is not such a disparity in the evidence as would confuse the jury." Meester, 762 F.2d at 884. The court will instruct the jury to consider the case against each defendant separately, thereby eliminating the likelihood of a "spill-over" effect. Id.

In the case *sub judice*, the jury will be able to follow the Court's cautionary and admonitory instructions, and the jury will be able to determine the guilt or innocence of each defendant solely on the basis of each defendant's conduct. See United States v.

Adams, 1 F.3d 1566, 1578-79 (11th Cir. 1993) (severance of trials not mandated, even where majority of evidence applied only to certain co-defendants, where trial court gave sufficient cautionary instructions); United States v. LaChance, 817 F.2d 1491, 1495 (11th Cir. 1987).

Jones has not established a showing of "compelling prejudice" sufficient to require severance. Jones' Motion for Severance from other Defendants (Doc. 381) is **DENIED**.

**SO ORDERED**, this 31st day of August, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)